IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| UNITED STATES OF AMERICA, | CR-07-116-BLG-DWM-CSO-1 |
|---|---|
| Plaintiff, | |
| vs. | **FINDINGS AND RECOMMENDATIONS TO REVOKE SUPERVISED RELEASE** |
| JOEL WESLEY SPEISER, | |
| Defendant. | |

## I. Synopsis

A petition alleged that Defendant Joel Wesley Speiser ("Speiser") violated his conditions of supervised release. Speiser's supervised release should be revoked, and he should be sentenced to 6 months imprisonment followed by 30 months of supervised release.

## II. Status

On February 11, 2009, after Speiser pled guilty to the crime of felon in possession of a firearm, the Court sentenced Speiser to 37 months in custody followed by 36 months of supervised release. *ECF 21, 28*. Speiser began his supervised release on July 5, 2012. *ECF 40*.

1

**Petition**

On October 21, 2013, the United States Probation Office ("USPO") prepared a Petition for Warrant or Summons for Offender Under Supervision requesting that a warrant be issued for Speiser to appear to answer allegations that he violated conditions of his supervised release. *ECF 38.* The petition alleged four violations of supervised release. On January 14, 2014, the USPO filed an Amended Petition adding a fifth violation and amending the third violation. The Amended Petition alleges that Speiser violated:

1. Special Condition Number 3 by consuming alcohol;
2. Special Condition Number 3 by again consuming alcohol;
3. The Preamble to the Standard Conditions after he was charged with Resisting Arrest, to which he later pled guilty;
4. Standard Condition Number 11 by failing to report contact with law enforcement within 72 hours; and
5. Special Condition Number 1 by failing to appear for random urinalysis testing.

*ECF 40.*

Based on the original petition, the undersigned issued a warrant for Speiser's arrest. *ECF 39.* At the time of the filing of the first petition, the case was reassigned to the Hon. Donald W. Molloy, U.S. District Judge, and referred to the undersigned for Findings and Recommendations. *Standing Order No. DLC-10.*

**Initial Appearance**

Speiser was arrested on January 13, 2014. He made an initial appearance before the undersigned on January 16, 2014.

**Revocation Hearing**

Also on January 16, 2014, the undersigned conducted a hearing on whether Speiser's supervised release should be revoked. Steven Babcock, Federal Defenders of Montana, represented Speiser. Assistant U.S. Attorney Lori Suek represented the United States. The undersigned explained the Findings and Recommendations procedure to Speiser, including his right to appear and allocute before Judge Molloy and the necessity of properly objecting to the Findings and Recommendations in order to preserve that right. In addition, Speiser, his counsel, and the Assistant U.S. Attorney executed an

3

Acknowledgment of Rights and Consent, again acknowledging his understanding of the Findings and Recommendations procedure and consenting thereto.

Speiser admitted the violations alleged in the Amended Petition. The undersigned accepted his admissions, determined that his supervised release should be revoked, and proceeded to consider sentencing recommendations. The undersigned calculated that Speiser's violation grade is C, his criminal history category is IV, and the underlying offense is a class C felony. Under those circumstances, the maximum sentence is 24 months incarceration, and the United States Sentencing Guidelines call for 6 to 12 months incarceration. Speiser could be sentenced to a maximum term of 3 years supervised release, less any custody time imposed. Ms. Suek and Mr. Babcock agreed with those calculations.

Ms. Suek originally requested a sentence on the high end of the guideline range – 8 to 10 months – with the maximum allowable term of supervision to follow. She expressed concern over Speiser's routine police contact and apparent substance abuse problem. She argued that

Speiser should be punished for the breaches of the Court's trust, and urged the Court to impose a term of supervision to follow custody.

Mr. Babcock requested a sentence at the low end of the guideline range, and agreed that a term of supervision to follow is appropriate. Mr. Babcock stated that Speiser was recently transferred to federal custody after serving approximately 3 months on state charges. He argued that this time in custody has already served as punishment for Speiser's actions, and that a sentence on the low end of the guideline range is sufficient but not more than necessary to address the violations in the Amended Petition. He also indicated that Speiser would like to attend outpatient treatment to address his alcohol abuse, and that Speiser has a strong desire to gain employment.

Speiser addressed the Court. He acknowledged that he has a drinking problem, and stated that he wants to deal with it through outpatient treatment. He indicated that he signed up for and started outpatient treatment when he was released in 2013, and stated that he wants to continue treatment when he is released from federal custody. He apologized to the Court and asked the Court for leniency, stating

that he knows he can do better by addressing his alcohol abuse problem.

In response, Ms. Suek agreed that it is appropriate for the Court to consider Speiser's time recently served in the state system, and therefore that a sentence on the low end of the guideline range is appropriate.

### III. Analysis

Based on Speiser's admitted violations of his conditions of supervised release, his supervised release should be revoked. The violations constitute serious breaches of the Court's trust, and one admitted violation constitutes a new violation of the law. It is necessary to impart upon Speiser the seriousness of his noncompliance and the consequences that result with repeated failures to comply. But the Court is mindful of the custody time Speiser has just recently served, and agrees with Mr. Babcock and Ms. Suek that a sentence on the low end of the guideline range is appropriate. Accordingly, Speiser should be sentenced to 6 months incarceration, with 30 months of supervised release to follow.

## III. Conclusion

The undersigned advised Speiser that the above sentence would be recommended to Judge Molloy, and reminded him that he has the right to appear and allocute before Judge Molloy. The undersigned instructed Speiser that he may object to these Findings and Recommendations within 14 days of their issuance, and must do so if he wishes to preserve his right to allocute before Judge Molloy.

The Court makes the following **FINDINGS:** Speiser violated:

1. Special Condition Number 3 by consuming alcohol;

2. Special Condition Number 3 by again consuming alcohol;

3. The Preamble to the Standard Conditions after he was charged with Resisting Arrest, to which he later pled guilty;

4. Standard Condition Number 11 by failing to report contact with law enforcement within 72 hours;

5. Special Condition Number 1 by failing to appear for random urinalysis testing.

The Court makes the following **RECOMMENDATION:**

1. The District Court should enter the attached Judgment revoking Speiser's supervised release and committing him to the custody of the United States Bureau of Prisons for a term of imprisonment of 6 months followed by a 30-month term of supervised release.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A district judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge, and may waive the right to appear and allocute before a district judge.

Dated the 16th day of January, 2014.

/s/ Carolyn S. Ostby
United States Magistrate Judge